# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re CHARLES L. ABRAHAMS,<br><br>　　　　　　　　　　　Debtor.<br><br>CHARLES L. ABRAHAMS, SD SPORTS ASSOCIATES XIV,<br><br>　　　　　　　　　　　Appellants,<br><br>　　v.<br><br>TUNNICLIFFE CREDITORS, MATHIAS HENTZ,<br><br>　　　　　　　　　　　Appellees. | Case No. 15-cv-2769-BAS(DHB)<br><br>Bankruptcy No. 10-00968-CL7<br><br>**ORDER:**<br><br>**(1) DENYING APPELLANTS' MOTION FOR EXTENSION OF TIME TO PERFECT APPEAL; AND**<br><br>**(2) DISMISSAL WITHOUT PREJUDICE** |

　　　Despite being notified several times that their appeal remains unperfected and being ordered to perfect the appeal and file a statement indicating their intent to pursue this appeal, Appellants, one of whom being a licensed attorney, have failed to take any meaningful action in progressing this case since its commencement on December 9, 2015. This appeal has not progressed beyond the preliminary stages. And it appears that Appellants are not prepared to perfect their appeal or file an opening brief any time soon.

For the following reasons, the Court **DENIES** Appellants' motion for an extension of time to perfect the appeal, and exercises its inherent authority and its authority under Federal Rules of Bankruptcy Procedure 8003(a)(2) and 8020(b) to **DISMISS WITHOUT PREJUDICE** Appellants' appeal in its entirety.

I.   PROCEDURAL HISTORY

Appellants commenced this appeal on December 9, 2015. (ECF No. 1.) On January 19, 2016, Appellants were first notified by the bankruptcy court that their appeal remained unperfected. (ECF No. 7.) But they took no action.

On February 4, 2016, this Court ordered Appellants to perfect their appeal and file a statement clearly indicating their intent to pursue their appeal by February 15, 2016, warning that failure to comply with the order may result in dismissal of the appeal. (ECF No. 12.) Rather than complying with the previous court order, two days prior to the aforementioned court-imposed deadline, Appellants filed a meritless motion to disqualify the undersigned judge, which the Court denied. (ECF Nos. 11, 12.) Appellants then appealed the denial to the Ninth Circuit. (ECF No. 14.) The appeal was dismissed for lack of jurisdiction, and their petition for panel rehearing en banc was also denied. (ECF Nos. 18, 19.)

On July 20, 2016, the Court issued a briefing schedule requiring Appellants to perfect their appeal and file a statement of prosecution by August 1, 2016, with the opening brief due on August 15, 2016, once again warning that failure to comply with the order may result in dismissal of the appeal. (ECF No. 20.) Instead of perfecting the appeal, on July 26, 2016, Appellants filed a motion for summary judgment, which the Court denied the next day for being procedurally improper. (ECF Nos. 22, 23.) The Court emphasized in the order denying the summary-judgment motion that the July 20, 2016 order remained in full effect, warning yet again that failure to comply with the order may result in dismissal of the bankruptcy appeal. (*Id.*)

Evading the Court's order again, on August 15, 2016, Appellants filed what the Court interpreted to be a request for an extension of time to perfect their appeal and file their opening brief. (ECF No. 28.) The Court granted that request in part, extending Appellants' time to perfect their appeal to August 29, 2016, while repeating the warning that failure to comply with the order may result in dismissal of the appeal. (*Id.*)

Delaying this appeal yet again, on August 29, 2016, Appellants filed another motion for an extension of time to perfect their appeal. (ECF No. 29.) Specifically, they now seek "an additional 60 days to file the statement of issues after any future notices of appeal may be filed in this court," apparently suggesting that the appeal remains unperfected. (*See* Appellants' Mot. 1:15-28.) That said, Appellants also indicate the contrary stating that they have perfected their appeal "referred to in Paragraph 15 of his Declaration Requesting an Extension of Time to File the Opening Brief and All the Notices of Appeal That Have Been Filed (Doc. 26)," but upon reviewing the "Paragraph 15" reference, there is no indication that the appeal has been perfected. Even the "statement of issues covering 142 pages and 828 issues" that Appellants purportedly filed does not, as Appellees point out, comply with Rule 8009(a)(1).

## II.   ANALYSIS

### A.   Appellants' Motion for Extension of Time

"A district court or BAP may regulate practice in any manner consistent with federal law, applicable federal rules, the Official Forms, and local rules" when there is no controlling law. Fed. R. Bankr. P. 8026(b)(1). Appellants fail to cite the legal basis for their request for an extension of time. Based on the Court's own research, it appears the Federal Rules of Bankruptcy Procedure do not include a rule governing computing or extending time. Because there is no controlling law on the issue, the Court adopts Federal Rule of Civil Procedure 6(b) in determining whether an

extension of time is warranted.

Rule 6(b) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). "Once the time has expired, a noticed motion for relief, based on a showing of excusable neglect, is required." *Gurvey v. Legend Films, Inc.*, No. 09-cv-942, 2012 WL 4061773, at *5 (S.D. Cal. Sept. 14, 2012) (Battaglia, J.) (citing Fed. R. Civ. P. 6(b)(1)(B)).

After numerous delays, Appellant Abrahams now contends that he "cannot work on the statement of issues until September 12, 2016" because he has "been under excruciating pain." (Appellants' Mot. 1:1-13.) He submits a "Work Status Report" completed by a medical doctor indicating that Appellant Abrahams was hospitalized for "acute medical issues from 8/27/16-8/28/16" and "is placed off work from 8/27/2016 through 9/12/2016." (Appellants' Mot. Ex. A.) However, this directly contradicts the previous statement in the motion that Appellants "filed the statement of issues covering 142 pages and 828 issues," which suggests that Appellants have at least already identified their issues for appeal. (*Id.*) Most importantly, Appellants have had over 260 days to perfect their appeal, and Appellant Abrahams' doctor's note only overlaps 2 days with the period of time that was extended to Appellants to perfect their appeal. Appellants had ample opportunity before August 27, 2016 to perfect their appeal. And despite Appellant Abrahams' condition, he was still able to file the pending motion for extension of time with a supporting declaration and exhibit without any problems. (ECF No. 29.)

Having reviewed Appellants' motion in the context of the procedural history of this appeal, the Court finds that Appellants fail to establish good cause to delay this appeal any further. *See* Fed. R. Civ. P. 6(b). Therefore, the Court **DENIES** Appellants' motion for a 60-day extension of time to perfect their appeal. (ECF No. 29.)

## B. Dismissal of Appellants' Appeal

"District courts have the inherent power to control their dockets and, '[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 475 U.S. 829 (1986); *accord Link v. Wabash, R.R. Co.*, 370 U.S. 626, 630-31 (1962) (holding courts are vested with an inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute"). "Despite this authority, dismissal is a harsh penalty and, therefore, it should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260.

In the bankruptcy appeal context, "[a]n appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the district court . . . to act as it considers appropriate, *including dismissing the appeal*." Fed. R. Bankr. P. 8003(a)(2). "The district court . . . may discipline or sanction an attorney or party appearing before it for other misconduct, including failure to comply with any court order. Fed. R. Bankr. P. 8020(b); *see also* Fed. R. Bankr. P. 8026(b)(2) ("No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, applicable federal rules, the Official Forms, or local rules unless the alleged violator has been furnished in the particular case with actual notice of the requirement."). "First, however, the court must afford the attorney or party reasonable notice, an opportunity to show cause to the contrary, and if requested, a hearing." Fed. R. Bankr. P. 8020(b).

"If the district court . . . determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R.

Bankr. P. 8020(a). "An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit." *George v. City of Morro Bay (In re George)*, 322 F.3d 586 F.3d 586, 591 (9th Cir. 2003). An appeal that raises "totally meritless arguments which have repeatedly been rejected" may also be characterized as frivolous. *Nunley v. Comm'r of Internal Revenue*, 758 F.2d 372, 373 (9th Cir. 1985) (awarding attorney fees and double costs when "[t]he Supreme Court and this circuit have previously rejected all the arguments [appellant] raises.").

Rule 8009(a)(1) provides, in pertinent part, that "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented." "The appellant must file and serve the designation and statement within 14 days after . . . the appellant's notice of appeal as a right becomes effective under Rule 8002." Fed. R. Bankr. P. 8009(a)(1)(B)(i). "Failure to comply with bankruptcy procedural rules over the course of months is proper cause for dismissal."[1] *In re Waksberg*, No. CV 09-00419 MMM, 2009 WL 1211351, at *1 (C.D. Cal. Apr. 27, 2009); *see also In re Marsh*, 19 F. App'x 727, 729 (9th Cir. 2001) (holding that a three month delay in designating the record on appeal was an "inexcusably flagrant violation of the court's rules" and warranted dismissal); *In re Luo*, 116 F.3d 1486 (9th Cir. 1997) (Table) (holding that the district court properly dismissed a bankruptcy appeal *sua sponte* after the appellant "waited forty-nine days to designate the record on appeal, to file a statement of issues, and to file a notice of transcripts").

This appeal has been sitting unperfected on this Court's docket for over 260 days. Appellants have been warned multiple times that they need to perfect the appeal in order to proceed and that failure to do so may result in dismissal of the appeal. Appellants have also been given the opportunity to explain their intention to proceed,

---

[1] Incidentally, "[a]n extensive, unreasonable delay in complying with the requirements of [Federal Rule of Bankruptcy Procedure] 8006 can constitute bad faith." *In re Lish*, No. 2:12-cv-02204-APG-NJK, 2013 WL 4006603, at *2 (D. Nev. Aug. 5, 2013) (citing Ninth Circuit authority).

and though they have affirmed their intention to proceed at least once, their actions have demonstrated the contrary. Facing the threat dismissal, Appellants have continuously delayed the progress of this appeal without having completed one of the most fundamental requirements—filing a statement of issues in order to perfect the appeal. They have not acted in any meaningful manner to demonstrate to the Court that they are committed to pursuing their appeal.

Accordingly, in light of the extensive, unreasonable delay in complying with the requirements of Rule 8009 amounting to over 260 days since commencing this appeal in addition to Appellants' failure to comply with court orders, the Court finds that dismissal is appropriate under the circumstances. *See In re Lou*, 116 F.3d 1486 (49-day delay); *In re Marsh*, 19 F. App'x at 729 (109-day delay); *In re Waksberg*, 2009 WL 1211351, at *1 (133-day delay).

### III.  CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Appellants' motion for a 60-day extension of time to perfect the appeal. (ECF No. 29.) The Court also exercises its inherent power and its authority under Rule 8003(a)(2) and Rule 8020(b) to dismiss this appeal for Appellants' extensive, unreasonable delay in complying with Rule 8009 and for their failure to comply with this Court's orders. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** this appeal in its entirety.

IT IS SO ORDERED.

DATED:  September 8, 2016

Hon. Cynthia Bashant
United States District Judge